**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

JOHN L. COLLINS
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
Attorney for Plaintiff

TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Shuck;<br>　　　　Plaintiff,<br><br>　　vs.<br><br>Precision Fleet Services LLC, an Arizona limited liability company; and Precision Fleet Services Wholesale LLC, an Arizona limited liability company; and Chris Finn and Jane Doe Finn, husband and wife;<br><br>　　　　Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Timothy Shuck, by and through Trey Dayes and John L. Collins, of and for the PHILLIPS DAYES LAW GROUP PC, for his Complaint against Defendants Precision Fleet Services LLC, Precision Fleet Services Wholesale LLC, Chris Finn, and Jane Doe Finn avers as follows:

**NATURE OF THE CASE**

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least two years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least two years prior to the filing of this action, Plaintiff worked at least fifteen hours in excess of forty (40) hours per week and were not paid time and one-half.

6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within this judicial district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of Arizona.

## **PARTIES**

9. At all times material hereto, Plaintiff Timothy Shuck was and continues to be a resident of Maricopa County, Arizona.

10. On information and belief, at all times material hereto, Defendant Precision Fleet Services LLC was and continues to be an entity organized under the law of the State of Arizona, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

11. On information and belief, at all times material hereto, Defendant Precision Fleet Services Wholesale LLC was and continues to be an entity organized under the law of the State of Arizona, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

1     12. On information and belief, at all times material hereto, Defendant Chris Finn 2 was and continues to be an individual residing in Maricopa County, Arizona, and is 3 subject to the jurisdiction of this Court.

4     13. On information and belief, Defendants Chris Finn and Jane Doe Finn are 5 husband and wife and engaged in all conduct complained of herein for the betterment of 6 their marital community and, as such, their marital community is co-equally liable with 7 Defendants Precision Fleet Services LLC and Precision Fleet Services Wholesale LLC 8 for all matters.

9     14. On information and belief, Defendants made all managerial and operational 10 decisions on behalf of the business.

11     15. At all relevant times, Plaintiff was an "employee" of each of the Defendants, 12 as defined by 29 U.S.C. § 203(e)(1).

13     16. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

14     17. At all relevant times, Defendants were and continue to be an "employer" as 15 defined in 29 U.S.C. § 203(d).

16     18. Defendants should be deemed an "employer" for purposes of the FLSA 17 including, without limitation, 29 U.S.C. § 216.

18     19. All Defendants are co-equally liable for all matters.

19     20. At all times material to this action, Defendants were and continue to be an 20 "enterprise engaged in commerce or in the production of goods for commerce" as defined 21 by 29 U.S.C. § 203(s)(1).

22

21. On information and belief, at all relevant times the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## **FACTUAL BACKGROUND**

22. Plaintiff Timothy Shuck (herein as "Timothy") began working for Defendants in August 2011.

23. Timothy worked for Defendants in inventory control, and his job responsibilities required him to keep track of the location of vehicles, arrange for vehicles to be serviced, organize the car lot and warehouses, fill vehicles with gas, and other such miscellaneous services.

24. Timothy never used a vehicle weighing over 10,000 pounds.

25. Timothy did not use a vehicle that seated more than eight people.

26. Timothy was paid for his work at a rate of $13.00 per hour.

27. Timothy was a non-exempt employee.

28. Timothy was not a manager.

29. Timothy did not exercise discretion and independent judgment with respect to matters of significance.

30. Defendants scheduled Timothy to work, and Timothy actually worked, at least fifty hours each week, and often fifty-five hours per week.

31. For the entire duration of Timothy's employment for Defendants—from August 2011 until July 26, 2013, Defendants failed to properly compensate Timothy for his overtime hours.

32. In particular, Defendants paid Timothy at his regular hourly rate for all hours worked above forty. Defendants did not pay one and one-half times Timothy's hourly rate for his overtime hours worked.

33. On information and belief, Defendants failed to maintain appropriate payroll records for their employees, including for Timothy.

34. Specifically, Defendants requested that Timothy report to them his hours worked in a week and they issued payment by check to Timothy "under the table," meaning they did not withhold any taxes from their payments to him, nor did Defendants issue to Timothy any tax forms showing his annual earnings.

35. On information and belief, Defendants utilized a similar "under the table" compensation scheme for many of their other employees, and their failures to pay employees overtime wages or to comply with tax laws were widespread.

36. On information and belief, Defendants' failures and/or refusals to properly compensate Timothy at the rates and amounts required by the FLSA were willful.

37. Timothy has retained the law firm of Phillips Dayes Law Group, P.C., to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

38. Plaintiff incorporates and adopts paragraphs 1 through 37 above as if fully set forth herein.

1   39.  While employed by Defendants, Plaintiff regularly and consistently worked
2   multiple hours of overtime per week.

3   40.  Plaintiff was a non-exempt employee.

4   41.  Defendants have intentionally failed and refused to pay Plaintiff overtime
5   according to the provisions of the FLSA.

6   42.  On information and belief, Defendants further engaged in a widespread
7   pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in
8   accordance with 29 U.S.C. § 207.

9   43.  As the direct and proximate result of Defendants' violations of the FLSA,
10  Plaintiff has suffered damages by failing to receive compensation in accordance with 29
11  U.S.C. § 207.

12  44.  Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount
13  equal to one and one-half times their regular pay rate for each hour of overtime worked
14  per week.

15  45.  In addition to the amount of unpaid wages owed to Plaintiff, he also is
16  entitled to recover an additional equal amount as liquidated damages pursuant to 29
17  U.S.C. § 216(b).

18  46.  On information and belief, Defendants' actions in failing to properly
19  compensate Plaintiff, in violation of the FLSA, were willful.

20  47.  Defendants have not made a good faith effort to comply with the FLSA.

21  48.  Plaintiff has been required to bring this action to recover his federal
22  minimum wages remaining due and unpaid, and his statutory liquidated damages, and as

the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

49. Plaintiff incorporates and adopts paragraphs 1 through 48 above as if fully set forth herein.

50. Plaintiff and Defendants have an overtime wage dispute pending.

51. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

52. Plaintiff is entitled to declarations, and requests that the Court make such declarations, as follows:

    a. Defendants employed Plaintiff.

    b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime provisions of the FLSA.

    d. Plaintiff worked multiple hours in excess of forty hours per week.

    e. Plaintiff is entitled to payment of one and one-half (1 1/2) times his regular rate of pay for each hour he worked for Defendants in excess of forty hours per week.

    f. Defendants failed to compensate Plaintiff for hours worked over forty in one work week at the proper rate of one and one-half (1 1/2) times his regular rate of pay.

    g. Plaintiff is entitled to payment of an equal amount as liquidated damages for Defendants' failures to comply with the overtime provisions of the FLSA, pursuant to 29 U.S.C. § 216.

    h. Defendants failed to keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

1       i.  Defendants did not rely on a good faith defense in their failures to abide by
2           the provisions of the FLSA and their failures to pay Plaintiff overtime
3           compensation.
4       j.  Plaintiff is entitled to an award of his reasonable costs and attorney fees in
5           litigating this matter.

6  53.  It is in the public interest to have these declarations of rights recorded as
7  Plaintiff's declaratory judgment action serves the useful purposes of clarifying and
8  settling the legal relations at issue, preventing future harm, and promoting the remedial
9  purposes of the FLSA.

10  54.  The declaratory judgment action further terminates and affords relief from
11  uncertainty, insecurity, and controversy giving rise to the proceeding.

12  WHEREFORE, Plaintiff respectfully requests that judgment be entered in his
13  favor against Defendants:

14      a.  Declaring, pursuant to 29 U.S.C. §§ 2201–02, that the acts and practices
15          complained of herein are in violation of the overtime provisions of the
16          FLSA;
17      b.  Awarding Plaintiffs their reasonable attorney's fees and the costs and
18          expenses of the litigation pursuant to 29 U.S.C. § 216(b); and
19      c.  For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: September 10, 2013

        Respectfully submitted,

        **PHILLIPS DAYES LAW GROUP PC**

        By: /s/ John L. Collins
            John L. Collins
            Arizona Bar No. 030351
            johnc@phillipsdayeslaw.com
            Attorney for Plaintiffs